United States District Court
Southern District of Texas
**ENTERED**
February 09, 2021
Nathan Ochsner, Clerk

United States District Court      Southern District of Texas

| | | |
|---|---|---|
| Arie Krakowski, Burr Held S.A.R.L., § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | Civil Action H-20-194 |
| § | | |
| Shrieve Chemical Products, LLC § | | |
| *Formerly known as* § | | |
| Shrieve Chemical Products, Inc., § | | |
|     Defendant. § | | |

# Report and Recommendation

Plaintiffs Arie Krakowski and Burr Held S.A.R.L. (Burr Held) allege that Defendant Shrieve Chemical Products, LLC (SCP) interfered with a business relationship between Plaintiffs and Metalloid Corporation (Metalloid). SCP filed a motion to dismiss for lack of subject matter jurisdiction. (D.E. 47.) SCP argues that it and Burr Held are not of diverse citizenship. Because SCP and Burr Held were both citizens of Michigan at the time of the filing of this lawsuit, the court recommends that SCP's motion be granted.

*1. Background*

Krakowski and Burr Held sued Shrieve Chemical Products, Inc., in Indiana state court in 2016. (D.E. 24 at ¶ 28.) Shrieve Chemical Products, Inc., filed a motion to dismiss for lack of personal jurisdiction, arguing among other things, that it was a Texas corporation. (D.E. 59-2 at 3.) After a hearing on the motion, the state court entered a finding of fact that Shrieve Chemical Products, Inc., was "a corporation organized and existing under the laws of the state of Texas with its principal place of business in The Woodlands, Texas." *Id.* at 3.) The state court concluded that there was "no legal or evidentiary basis upon which to find that specific jurisdiction exist[ed]" and, on November 22, 2019, dismissed the claims against

Shrieve Chemical Products, Inc., for lack of personal jurisdiction. *Id.* at 13. Before the state court issued its ruling, on November 6, 2019, Shrieve Chemical Products, Inc. filed a certificate of conversion with the Texas Secretary of State. (D.E. 59-3.) It is undisputed that as of December 2019, the company had reorganized into Shrieve Chemical Products, LLC, the defendant in this case.

On January 17, 2020, Plaintiffs filed the original complaint in this action (D.E. 1). Plaintiffs filed an amended complaint on May 21, 2020, raising claims of tortious interference with an existing contract and prospective relations, unjust enrichment, unfair competition, and equitable accounting. (D.E. 24.)

On June 8, 2020, SCP moved to dismiss Burr Held's claims for lack of standing and Plaintiffs' fraudulent concealment defense and equitable accounting claim for failure to state a claim. (D.E. 27.) The court ruled that Burr Held had standing, that the fraudulent concealment defense was pleaded adequately, and that Plaintiffs were not entitled to an equitable accounting. (D.E. 42, 43.)

Ten months after the suit was filed, on October 21, 2020, SCP filed a second motion to dismiss arguing that the court lacks subject matter jurisdiction. (D.E. 47.) Plaintiffs filed a response and, after a period of jurisdictional discovery, an amended response. (D.E. 50, 54, 59.). On January 27, 2021, SCP filed a reply. (D.E. 60.) SCP's motion to dismiss is ripe for decision.

2. Standards of Review

   A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction[,]" and the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding, L.L.C.*, 851 F.3d at 534

(quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)) ("A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal."). The court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

"A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

### B. Diversity Jurisdiction

For diversity jurisdiction to apply, the citizenship of no plaintiff may be the same as that of any defendant "at the time the complaint was filed." *See Soaring Wind Energy, L.L.C*, 946 F.3d at 750; *Settlement Funding, L.L.C.*, 851 F.3d at 536 (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)) ("[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."). When the plaintiff seeks to establish diversity jurisdiction, the complaint "must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C.*, 851 F.3d at 536. "Failure adequately to allege the basis for diversity mandates dismissal." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020).

"[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members[.]" *Soaring Wind Energy, L.L.C.*, 946 F.3d at 750 (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The citizenship of a limited partnership is determined by

3

the citizenship of each of its partners. *Harvey*, 542 at 1079 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). The citizenship of every corporation is its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

3. Analysis

### A. SCP and Burr Held are citizens of Michigan

Neither party recognized at the time this action was filed that SCP's citizenship had changed since the filing of the Indiana state court case. The court also recognizes that a lot of effort has been spent on issues that need not have been addressed, given the lack of jurisdiction. As frustrating as that may be, the delay in raising the lack of diversity jurisdiction is immaterial to this court's analysis. Fed. R. Civ. P. 12(h)(3) (instructing the court to dismiss an action at any time that it determines subject matter jurisdiction to be lacking). The unavoidable reality is that, regardless of the timing of the challenge, this court did not have subject matter jurisdiction over this action when it was filed. *Cf. Settlement Funding, L.L.C.*, 851 F.3d at 533–34 (expressing frustration that the lack of diversity jurisdiction was not raised earlier in the case but reaffirming that subject matter jurisdiction may be raised at any time, even on appeal).

An analysis of SCP's structure shows that complete diversity did not exist at the time Plaintiffs filed the complaint. On November 6, 2019, Shrieve Chemical Products, Inc., filed a certificate of conversion with the Office of the Secretary of State of Texas reflecting its reorganization as a Texas Limited Liability Company. (D.E. 59-3.) SCP's only member is Shrieve Chemical Company, LLC, which was organized under Texas law. (D.E. 57-1 at 3.) As of November 25, 2019, the sole member of Shrieve Chemical Company, LLC, is Shrieve Holdings, LLC, organized under Delaware law. *Id.* As of November 25, 2019, the sole member of Shrieve Holdings, LLC, is Shrieve Intermediate, LLC, organized under Delaware law. *Id.* at 5. As of November 22, 2019, the sole member of Shrieve Intermediate, LLC, is Shrieve Parent, LLC, organized under Delaware law. (D.E. 57-1 at 6.)

4

As of December 2, 2019, Falcon Private Credit Opportunities VI, LP, (FPCO) holds a membership interest in Shrieve Parent, LLC. (D.E. 57-1 at 6; D.E. 57-2 at 2–3.) FPCO is a limited partnership organized under Delaware law. (D.E. 57-2 at 3.) FPCO has three limited partners that are companies located in Michigan. *Id.* These facts are not in dispute.

FPCO's citizenship includes Michigan because three of its partners are Michigan citizens.[1] Shrieve Parent, LLC, is therefore also a citizen of Michigan because its member FPCO is a citizen of Michigan. With Shrieve Parent, LLC, as the sole member of Shrieve Intermediate, LLC, the Michigan citizenship applies as well to Shrieve Intermediate, LLC, and so on through the limited-liability-company structure to SCP. In addition to Texas, Delaware, and possibly other states, SCP is a citizen of Michigan.

Krakowski is domiciled in Israel, and Burr Held is a limited liability company registered in France. (D.E. 59-1 at 3.) The members of Burr Held are AR.KR Holdings Limited, an Israeli company, and Metalloid, an Indiana corporation with its principal place of business in Michigan. *Id.* Thus, Burr Held and SCP were both citizens of Michigan on January 17, 2020, when Plaintiffs filed this action. Complete diversity was lacking.

### B. Judicial admissions and collateral estoppel do not change the analysis.

Plaintiffs do not challenge SCP's evidence or its analysis of SCP's business structure. Instead, Plaintiffs point to Shrieve Chemical Products, Inc.'s statements to the Indiana state court, SCP's statements before this court, and the findings of the Indiana state court as "consitut[ing] evidence of [SCP's] citizenship [that] satisf[ies] the requirements of diversity jurisdiction." (D.E. 59 at 6.) Plaintiffs argue that SCP was a citizen of Texas based on two doctrines: judicial

---

[1] In its motion, SCP represented that Shrieve Parent, LLC, has members in addition to FPCO but that SCP "focused solely on the membership of its member that destroys diversity." (D.E. 47 at 4 n.2.)

5

admission and collateral estoppel. *Id.* at 8–14. Neither doctrine applies in this case.

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making [it]" *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). Judicial admissions are limited to matters of fact not law. *See Blankenship v. Buenger*, 653 F. App'x 330, 335 (5th Cir. 2016) (stating that a judicial admission withdraws a fact from contention but cannot resolve questions of law for the court).

Shrieve Chemical Products, Inc., represented to the Indiana state court that it was a corporation organized under Texas laws with its principal place of business in Texas. (D.E. 59-4 at 3.) That statement was true when it was made but no longer is true. Between that admission and Plaintiffs' filing of this case, Shrieve Chemical Products, Inc., reorganized as a limited liability company. The undisputed evidence confirms the reorganization. Plaintiffs acknowledged as much in their original and amended complaints, identifying the defendant as "Defendant Shrieve Chemical Products, LLC f/k/a Shrieve Chemical Products, Inc." (D.E. 1 at ¶ 3; D.E. 24 at ¶ 3.)

The reorganization changed SCP's citizenship prior to the filing of this action. It is the court's role to determine the factual situation as of the date of filing of this lawsuit. The facts as they existed at some other time are irrelevant. Plaintiffs' argument would mean that SCP is forever bound by a factual statement, despite a change in circumstances.

Plaintiffs also argue that SCP made statements in this case that should be construed as judicial admissions. SCP disclosed that Shrieve Chemical Company, LLC, was SCP's parent entity and that no publicly held corporation owns ten percent or more of SCP's or Shrieve Chemical Company, LLC's membership interests. (D.E. 9.) In the certificate of interested parties, SCP repeated that information and reported that the members of both SCP and Shrieve Chemical Company, LLC, may have financial interests in the outcome of the

6

case. (D.E. 12.) Plaintiffs also argue that SCP's failure to disagree at the Rule 26(f) conference with Plaintiffs' allegation of diversity jurisdiction is a judicial admission. (D.E. 14 at 3.) It is obvious to the court that the parties did not have all the information about SCP's corporate structure at the time this case was filed. SCP's failure to point out the lack of diversity does not grant this court the authority to exercise subject matter jurisdiction. The court must evaluate jurisdiction on the facts as they exist, not on incorrect or incomplete characterizations of the facts as the parties misunderstood them to be. *See Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998), *rev'd on other grounds sub nom. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) ("[P]arties cannot confer on a federal court jurisdiction that has not been vested in that court by the Constitution and Congress.").

Plaintiffs' final argument is that, because the Indiana state court made a finding of fact that Shrieve Chemical Products, Inc., was organized in Texas and had its principal place of business in Texas, SCP was collaterally estopped from relitigating its citizenship. "[C]ollateral estoppel[] prevents the same party from relitigating an issue when '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.'" *In re Westmoreland Coal Co.*, 968 F.3d 526, 532 (5th Cir. 2020) (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005)).

Personal jurisdiction, not subject matter jurisdiction, was litigated in the Indiana state court. Shrieve Chemical Products, Inc.'s contacts with Indiana, not SCP's citizenship, were the court's concern and determined the outcome. A determination of SCP's citizenship was not necessary to the Indiana state court's decision to dismiss Shrieve Chemical Products, Inc., for lack of personal jurisdiction. Collateral estoppel does not apply here because none of the elements are met.

Even if the elements were met, the lack of subject matter jurisdiction cannot be overcome by estoppel. *See Marathon Oil Co.*,

145 F.3d at 217 (quoting 13 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3522, at 66–68 (2d ed. 1984)) ("[P]arties cannot waive lack of [subject-matter] jurisdiction by express consent, or by conduct, or even by estoppel; the subject matter jurisdiction of the federal courts is too basic a concern to the judicial system to be left to the whims and tactical concerns of the litigants.").

This court lacks subject matter jurisdiction.

4. *Conclusion*

The court recommends that the motion to dismiss (D.E. 47) be granted.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on February  9 , 2021.

_____
Peter Bray
United States Magistrate Judge